McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>RICK GLENN VARDELL,<br><br>                              Defendant. | CASE NO.  2:19-CR-00023-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: October 8, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for a status conference on October 8, 2020.  By this stipulation, the parties move to continue the status conference to January 7, 2021, and to exclude time between October 8, 2020 and January 7, 2021, under Local Code T4.

On May 13, 2020, the Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2020.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    Although the General Orders and declarations of emergency address the district-wide health

2    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

6    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

8    findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

14   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

15   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26   by the statutory rules.

27   In light of the societal context created by the foregoing, this Court should consider the following

28   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

1 justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2 for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3 pretrial continuance must be "specifically limited in time").

**STIPULATION**

5       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6 through defendant's counsel of record, hereby stipulate as follows:

7       1.      By previous order, this matter was set for status on October 8, 2020.

8       2.      By this stipulation, defendant now moves to continue the status conference until January

9 7, 2021, and to exclude time between October 8, 2020, and January 7, 2021, under 18 U.S.C.

10 § 3161(h)(7)(A), B(iv) [Local Code T4].

11      3.      The parties agree and stipulate, and request that the Court find the following:

12              a)      The government has represented that the discovery associated with this case

13 includes over 800 items, including documents, photographs, and recordings.  All of this

14 discovery has been either produced directly to counsel and/or made available for inspection and

15 copying.

16              b)      Counsel for defendant desires additional time to review the discovery, conduct

17 independent investigation, research trial strategy and sentencing options, and otherwise prepare

18 for trial.

19              c)      Counsel for defendant believes that failure to grant the above-requested

20 continuance would deny him/her the reasonable time necessary for effective preparation, taking

21 into account the exercise of due diligence.

22              d)      The government does not object to the continuance.

23              e)      Based on the above-stated findings, the ends of justice served by continuing the

24 case as requested outweigh the interest of the public and the defendant in a trial within the

25 original date prescribed by the Speedy Trial Act.

26 ///

---

28      [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
et seq., within which trial must commence, the time period of October 8, 2020 to January 7,
2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
T4] because it results from a continuance granted by the Court at defendant's request on the basis
of the Court's finding that the ends of justice served by taking such action outweigh the best
interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the
Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
must commence.

IT IS SO STIPULATED.


Dated:  October 6, 2020                           McGREGOR W. SCOTT
                                                  United States Attorney


                                                  /s/ CAMERON L. DESMOND
                                                  CAMERON L. DESMOND
                                                  Assistant United States Attorney


Dated:  October 6, 2020                           /s/ Roberto Marquez
                                                  Roberto Marquez
                                                  Counsel for Defendant
                                                  RICK GLENN VARDELL


**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  October 6, 2020


MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4