McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00023-MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| RICK GLENN VARDELL, | DATE: January 7, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

This case is set for a status conference on January 7, 2021. By this stipulation, the parties move to continue the status conference to March 25, 2021, and to exclude time between January 7, 2021 and March 25, 2021, under Local Code T4.

On May 13, 2020, the Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2020.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   Although the General Orders and declarations of emergency address the district-wide health
2  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
3  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
4  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-
5  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such
6  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153
7  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit
8  findings on the record "either orally or in writing").

9   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
10 and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial
11 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the
12 judge granted such continuance on the basis of his findings that the ends of justice served by taking such
13 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.
14 § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of
15 the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of
16 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."
18 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address
19 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has
20 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-
21 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d
22 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.
23 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to
24 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).
25 The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated
26 by the statutory rules.
27 / / /
28 / / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 7, 2021.

2. By this stipulation, defendant now moves to continue the status conference until March 25, 2021, and to exclude time between January 7, 2021, and March 25, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 800 items, including documents, photographs, and recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to review the discovery, conduct independent investigation, research trial strategy and sentencing options, and otherwise prepare for trial. Such preparation has been make more difficult and time-consuming due to the COVID-19 pandemic; specifically, the health dangers of the pandemic and the stay-at-home orders have complicated defense counsel's ability to conduct in-person meetings for investigative and trial preparation purposes.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 7, 2021 to March 25, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated:  January 4, 2021
            McGREGOR W. SCOTT
            United States Attorney

            /s/ CAMERON L. DESMOND
            CAMERON L. DESMOND
            Assistant United States Attorney

Dated:  January 4, 2021
            /s/ Roberto Marquez
            Roberto Marquez
            Counsel for Defendant
            RICK GLENN VARDELL

**ORDER**

  IT IS SO ORDERED.

Dated:  January 5, 2021

            MORRISON C. ENGLAND, JR
            SENIOR UNITED STATES DISTRICT JUDGE